## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROSETTA BARTLETT** : | CIVIL ACTION |
| **Plaintiff** : | |
| : | NO. 02-CV-4591 |
| v. : | |
| : | JUDGE SURRICK |
| **PENNSYLVANIA BLUE SHIELD** : | |
| **Defendant** : | |

# ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant Pennsylvania Blue Shield's Response to Plaintiff's Petition for Remand, it is hereby **ORDERED** and **DECREED** that said petition is **DENIED**.  Accordingly, this Court retains jurisdiction over this matter.

**BY THE COURT:**


_____
**JUDGE SURRICK**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSETTA BARTLETT** | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | NO. 02-CV-4591 |
| v. | : | |
| | : | JUDGE SURRICK |
| **PENNSYLVANIA BLUE SHIELD** | : | |
| **Defendant** | : | |

**DEFENDANT PENNSYLVANIA BLUE SHIELD'S RESPONSE TO PLAINTIFF'S
PETITION FOR REMAND**

Defendant Pennsylvania Blue Shield ("PBS"), by and through its attorneys, hereby responds to plaintiff's Petition for Remand as follows.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

This matter was removed to this Honorable Court on July 10, 2002. Plaintiff's complaint arises out of a claim against PBS for chiropractic benefits under an employee benefits plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Said plan was provided to plaintiff by her employer, Dana Corporation. Plaintiff alleges that she is entitled to continued chiropractic manipulation therapy related to a bicycle accident that occurred nearly twenty years ago, in 1983. See Plaintiff's Complaint at paragraph 4. Plaintiff's complaint asserts a claim for chiropractic benefits under 29 U.S.C. § 1132(a), a section of the ERISA statute.

Indeed, plaintiff herself alleges in her Petition for Remand that this matter is governed by ERISA. Specifically, plaintiff states that "[t]he present case falls squarely within Section (a)(1)(B) [of 29 U.S.C. § 1132] and is a matter which concurrent jurisdiction has been conferred upon state courts." See page 2 of plaintiff's Petition for Remand.

1

II. **THE EXISTENCE OF CONCURRENT JURISDICTION OVER THIS MATTER BY BOTH STATE AND FEDERAL COURT DOES NOT LIMIT OR RESTRICT IN ANY WAY EITHER DEFENDANT'S RIGHT OF REMOVAL OR THIS COURT'S SUBJECT MATTER JURISDICTION**

Plaintiff correctly points out that, pursuant to 29 U.S.C. § 1132(e)(1), both this court and Pennsylvania state court have concurrent jurisdiction over this matter. Indeed, the cases cited by plaintiff in her Petition for Remand do in fact acknowledge concurrent jurisdiction pursuant to 29 U.S.C. § 1132(e)(1). The Third Circuit has also made this same observation. See, e.g., Fornarotto v. American Waterworks Co., 144 F.3d 276, 278 n2 (3d Cir. 1998) ("State courts have concurrent jurisdiction with federal courts for actions by an ERISA participant under 29 U.S.C. § 1132(a)(1)(B). 29 U.S.C. § 1132(e)(1)."). The Third Circuit has also noted the dual basis for federal jurisdiction over benefit actions by ERISA plan participants pursuant to 29 U.S.C. § 1132(a)(1)(B): 29 U.S.C. § 1132(e)(1) and federal question jurisdiction under 28 U.S.C. § 1331. See, e.g., Noorily v. Thomas & Betts Corp., 188 F.3d 153, 158 (3d Cir. 1999) ("The district court had subject matter jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.").

Plaintiff is in error, however, when she argues that the existence of concurrent jurisdiction somehow limits or restricts either defendant's right to remove this action or this court's subject matter jurisdiction. Such an argument was recently rejected by the Eastern District in Zimnoch v. ITT Hartford, 2000 U.S. Dist. LEXIS 2846 (E.D. Pa. 2000). The pertinent Zimnoch reasoning went as follows:

> This Court does not deny that state courts have concurrent jurisdiction over actions such as the instant one. . . .However, this Court does not find that defendants violated any contractual language by petitioning for removal in this case. The language of The Policy merely states that plaintiff may file suit in a state or federal court. Defendants clearly allowed plaintiff to file suit in state or federal court – plaintiff chose to file suit in state court. The Policy is silent, however, as to defendants choosing to remove any suit filed by plaintiff in state

2

> court.  **In fact, barring any contractual obligations, defendants have a statutory right to removal, if such removal is proper.**

Id. at *4-5 (emphasis added).  As to the plan at issue in this matter, same contains no limiting language as to forum.

Other Third Circuit trial courts have engaged in similar reasoning.  For example, in Weinstein v. Paul Revere Ins. Co., 15 F. Supp.2d 552 (D.N.J. 1998), the court rejected the same argument being made instantly by plaintiff:

> The plaintiff argues that section 502(e)(1) of ERISA grants concurrent jurisdiction between federal and state courts to hear claims brought under section 502(a)(1)(b) and, thus, that removal was improper.
>
> The removal statute provides that any civil action of which the district courts have original jurisdiction under federal law may be removed.  28 U.S.C. § 1441(b).  Section 1441(b) does not prohibit removal if the state and federal courts share jurisdiction.  **Accordingly, if a federal statute does not prohibit removal, concurrent jurisdiction is not a bar to removal and is not grounds for remand to state court.  Because section 502(e) of ERISA grants concurrent jurisdiction without prohibiting removal, the Court finds that removal was proper.**

Id. at 559 (emphasis added) (citations omitted).  Similarly, in Lamonica v. Guardian Life Ins. Co., 1997 U.S. Dist. LEXIS 1988 (D.N.J. 1997), the plaintiff filed a motion to remand arguing that concurrent jurisdiction made removal inappropriate.  The court rejected such an argument, observing that "[t]he ERISA provision that plaintiffs rely on [(29 U.S.C. § 1132(e)(1))] does not expressly limit or restrict a defendant's right to remove an action."  Id. at *10.  Thus, the court held, "[b]y itself, the grant of concurrent jurisdiction is insufficient to bar removal."  Id.  The court went on to cite numerous cases from across the country holding that the existence of concurrent jurisdiction does not limit or restrict a defendant's right to removal.  Id. at *10-11.

Further, the Fourth, Ninth, and Eleventh Circuits have all issued similar holdings.  See, e.g., McWilliams v. Metropolitan Life Ins. Co., 1999 U.S. App. LEXIS 2047, *5 (4th Cir. 1999)

3

("this court has consistently held that concurrent jurisdiction does not defeat a defendant's right to removal."); Menhorn v. Firestone Tire & Rubber Co., 738 F.2d 1496, 1500 (9th Cir. 1984) ("Either party of course retains the right of access to a federal forum in actions ERISA governs irrespective of diversity of citizenship or amount in controversy, plaintiff by filing there, 29 U.S.C. § 1132(e)(1), and defendant by removing, 28 U.S.C. § 1441."); Chilton v. Savannah Foods & Indus., 814 F.2d 620, 623 (11th Cir. 1987) ("Absent such an express provision, we cannot say that Congress in granting concurrent jurisdiction intended to foreclose removal of ERISA actions.").

Finally, as to district courts, in Ruehl v. John Alden Life Ins. Co., 818 F. Supp. 169 (S.D. W. Va. 1993), the court, citing United States Supreme Court authority, reasoned and held as follows:

> The Supreme Court resolved this question in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). There, the Court expressly determined an action brought in state court alleging state law claims which are pre-empted by ERISA is an action arising under the laws of the United States and is therefore removable.
> \*     \*     \*
> Existence of concurrent jurisdiction under § 1132(e)(1) does not defeat Defendant's right to removal under 28 U.S.C. § 1441(b). The Supreme Court in Metropolitan Life held "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 1132(a) removable to federal court." *Metropolitan Life,* 481 U.S. at 66.

Id. at 171.

Countless other district courts from across the country are in accord. See, e.g., Gall v. Liberty Mutual Ins. Co., 2000 U.S. Dist. LEXIS 11439, *6 (N.D. Ill. 2000) ("The mere fact that state courts also have concurrent jurisdiction over her action does not defeat Liberty's right to removal."); McPhillips v. Blue Cross & Blue Shield, 79 F. Supp.2d 1325, 1327 (M.D. Ala. 2000) ("the fact that the state courts share concurrent jurisdiction over the action provides no support for McPhillips' motion to remand."); Washington v. Fitzgeralds South, Inc., 1998 U.S. Dist.

4

LEXIS 18230, *3 (N.D. Miss. 1998) ("the existence of concurrent state and federal jurisdiction does not operate to defeat defendant's right of removal to federal court."); <u>Callison v. Charleston Area Medical Center</u>, 909 F. Supp 391, 395 (S.D. W. Va. 1995) ("Nothing within the ERISA statute bestows upon Plaintiff the right to keep his suit in state court just because he has been entitled to choose a state court as his forum.").

    Accordingly, pursuant to the authority discussed above, defendant requests an Order in the form proposed.

**DATE:** _____

                  **POST & SHELL, P.C.**

                  **BY:**_____
                  **RICHARD L. MCMONIGLE, ESQUIRE**
                  **STEVEN J. SCHILDT, ESQUIRE**
                  **ATTORNEYS FOR DEFENDANT**
                  1800 JFK Boulevard, 19th Floor
                  Philadelphia, PA  19103
                  (215) 587-1089

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Response to Plaintiff's Petition for Remand was sent via first class mail to the following individual on _____:

Stanley J. Brassington, Esq.
120 East Main Street
Schuylkill Haven, PA 17972

POST & SHELL, P.C.

BY:_____
    RICHARD L. MCMONIGLE, ESQUIRE
    ATTORNEY FOR DEFENDANT

1