**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSETTA BARTLETT** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | **NO. 02-CV-4591** |
| **v.** | : | |
| | : | **HON. R. BARCLAY SURRICK** |
| **PENNSYLVANIA BLUE SHIELD** | : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant Pennsylvania Blue Shield's Motion to Dismiss Plaintiff's Amended Federal Complaint, and any response thereto, it is **ORDERED** that this motion is **GRANTED**. As to plaintiff's state law claims (Counts One-Five), plaintiff's complaint is dismissed with prejudice with leave to file an amended complaint pursuant to 29 U.S.C. 1132(a) within twenty (20) days of the date of this Order. As to plaintiff's RICO claim (Count Six), plaintiff's complaint is dismissed with prejudice and without leave to amend.

**BY THE COURT:**

_____
**HON. R. BARCLAY SURRICK**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSETTA BARTLETT** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | **NO. 02-CV-4591** |
| **v.** | : | |
| | : | **HON. R. BARCLAY SURRICK** |
| **PENNSYLVANIA BLUE SHIELD** | : | |
| **Defendant** | : | |

**DEFENDANT PENNSYLVANIA BLUE SHIELD'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED FEDERAL COMPLAINT**

Defendant Pennsylvania Blue Shield ("PBS"), by and through its attorneys, moves this Court to dismiss plaintiff's Amended Federal Complaint pursuant to Rule 12(b)(6), and makes the following representations in support of this motion:

1.      Defendant Pennsylvania Blue Shield ("PBS") removed this matter to this Honorable Court on July 10, 2002.

2.      Plaintiff's Amended Complaint arises out of a claim against PBS for chiropractic benefits under an employee benefits plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  This plan was provided to plaintiff by her employer, Dana Corporation.

3.      Plaintiff alleges that she is entitled to continued chiropractic manipulation therapy related to a bicycle accident that occurred nearly twenty years ago, in 1983.  See plaintiff's Amended Complaint at paragraph 4.

4.      Significantly, in her Amended Complaint the plaintiff concedes that "Plaintiff received the said health coverage (Blue Shield's Beneflex Plan) through her employer Dana." See plaintiff's Amended Complaint at paragraph 9.

1

5.      Hence, plaintiff's claim actually relates to chiropractic benefits under 29 U.S.C. §
1132(a), a section of the ERISA statute.  However, her Amended Complaint in Counts One-Five
sets forth only Pennsylvania state law causes of action against PBS.  ERISA preempts such state
law causes of action.

6.      Plaintiff has not alleged an action under ERISA in her Amended Complaint.

7.      Plaintiff in Count Six also alleges a RICO cause of action against PBS, which is
fatally defective as a matter of law, because it fails to plead any racketeering enterprise, any
predicate acts of racketeering, any pattern of racketeering activity, any particulars as to the
alleged fraud, or any alleged RICO co-conspirator.

8.      Defendant PBS therefore moves to dismiss plaintiff's Amended Complaint with
prejudice on the basis that (1) ERISA preempts the state law causes of action alleged in Counts
One-Five, and (2) the RICO cause of action set out in Count Six is defective as matter of law.
See supporting Memorandum of Law.


**DATE:  _____**

                                      **POST & SHELL, P.C.**


                                      **BY:_____**
                                            **RICHARD L. MCMONIGLE, ESQUIRE**


                                      **BY:_____**
                                            **RONALD H. LEVINE, ESQUIRE**


                                      **BY:_____**
                                            **STEVEN SCHILDT, ESQUIRE**
                                            **ATTORNEYS FOR DEFENDANT**
                                            1800 JFK Boulevard, 19th Floor
                                            Philadelphia, PA  19103
                                             (215) 587-1000

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSETTA BARTLETT** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | **NO. 02-CV-4591** |
| **v.** | : | |
| | : | **HON. R. BARCLAY SURRICK** |
| **PENNSYLVANIA BLUE SHIELD** | : | |
| **Defendant** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PENNSYLVANIA BLUE
SHIELD'S MOTION TO DISMISS PLAINTIFF'S AMENDED FEDERAL COMPLAINT**

**I.     PROCEDURAL HISTORY AND RELEVANT FACTS**

Defendant Pennsylvania Blue Shield ("PBS") removed this matter to this Honorable
Court on July 10, 2002.  Plaintiff's Amended Complaint arises out of a claim against PBS for
chiropractic benefits under an employee benefits plan governed by the Employee Retirement
Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  This plan was provided to
plaintiff by her employer, Dana Corporation.  Plaintiff alleges that she is entitled to continued
chiropractic manipulation therapy related to a bicycle accident that occurred nearly twenty years
ago, in 1983.  See Amended Complaint ¶ 4.

In her Amended Complaint the plaintiff concedes that "Plaintiff received the said health
coverage (Blue Shield's Beneflex Plan) through her employer Dana."  See Amended Complaint
¶ 9.  Hence, plaintiff's claim actually relates to chiropractic benefits under 29 U.S.C. § 1132(a), a
section of the ERISA statute.  However, her Amended Complaint in Counts One-Five sets forth
only Pennsylvania state law causes of action against PBS.  Although ERISA preempts such state
law causes of action, plaintiff has not alleged an action under ERISA in her Amended
Complaint.

1

Plaintiff in Count Six also alleges a RICO cause of action against PBS, which is fatally defective as a matter of law, because it fails to plead any racketeering enterprise, any predicate acts of racketeering, any pattern of racketeering activity, any particulars as to the alleged fraud, or any alleged RICO co-conspirator.  Defendant PBS therefore moves to dismiss plaintiff's Amended Complaint with prejudice on the basis that (1) ERISA preempts the state law causes of action alleged in Counts One-Five, and (2) the RICO cause of action set out in Count Six is defective as matter of law.

## II.     THE EMPLOYEE BENEFITS PLAN AT ISSUE

Attached as Exhibit "A" is the Summary Plan Description ("SPD") for the Dana Corporation employee benefits plan (called "BENEFLEX") under which plaintiff has submitted her claim for chiropractic benefits.  This comprehensive group benefit plan covers Dana Corporation employees and contains an entire chapter outlining ERISA-related information, rights, procedures, and instructions.  See pages 111-14 of Exhibit "A".  Indeed, the name of the chapter is simply "ERISA." Id. at 111.

## III.    ERISA PREEMPTS THE STATE LAW CAUSES OF ACTION ALLEGED BY PLAINTIFF (COUNTS I-V)

### A.     ERISA Preemption

Because plaintiff's benefit claims for chiropractic manipulation therapy were and are being made under/pursuant to an employee benefits plan, this matter is governed by ERISA. ERISA invokes federal question jurisdiction via complete preemption and supersedes any and all related state laws pursuant to 29 U.S.C. § 1144.  See, e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266 (3d Cir. 2001).

2

The Western District recently provided a succinct discussion of the case law in this area in Sopak v. Highmark, Inc., 2002 U.S. Dist. LEXIS 10317 (W.D. Pa. 2002).  In Sopak the plaintiff (William Sopak) was enrolled in an employee benefit plan provided by the Bricklayers, Masons, and Roofers Welfare Fund of Western Pennsylvania.  Health insurance under the plan was provided by Highmark Inc.  The initial benefit dispute concerned payment for hospital treatment provided to Sopak related to a face infection.  After the claim was paid in full by Highmark, Sopak filed a bad faith suit against Highmark.  The suit was removed to federal court and challenged via motion to dismiss.

The court began by discussing the doctrine of complete preemption, noting that "[c]omplete preemption creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint."  Id. at *11.  The court then reasoned as follows:

> Causes of action which fall within the scope of § 502(a) of ERISA can be construed as providing a basis for removal jurisdiction.
>
> \*       \*       \*
>
> In sum, if a claim falls within section 502, it is completely preempted and may be properly removed to federal court where the substantive issues can be addressed.
>
> \*       \*       \*
>
> [A] claim falls within section 502 if it is a suit to recover benefits due under the terms of the plan, to enforce a claimant's rights under the plan, or to clarify rights to future plan benefits.  29 U.S.C. § 1132(a).
>
> \*       \*       \*
>
> I conclude that Plaintiffs' examples of bad faith fall most specifically in the second subcategory of § 502(a), that is, an attempt to enforce their perceived rights to expeditious and good faith processing of their health insurance claims under the Plan.

Id. at *12, *13, and *15 (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987) and Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 273 (3d Cir. 2001)).  Accordingly, the Sopak court concluded that plaintiffs' bad faith claims were preempted and, therefore, dismissed their complaint.  Id. at *30-32.

The result should be the same in the matter at bar.

**B.**     **ERISA Preempts Plaintiff's Breach of Contract Claims (Counts I and V)**

In Counts I and V of her amended federal complaint, plaintiff alleges state law breach of contract claims against PBS for allegedly improperly terminating further chiropractic benefits. Ever since <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41 (1987), it has been well-settled that ERISA preempts claims for breach of contract. Numerous Pennsylvania federal court opinions, citing <u>Pilot Life</u>, have dismissed breach of contract claims pursuant to ERISA preemption. See, e.g., <u>Kriebel v. Phoenix Mut. Life Ins. Co.</u>, 699 F. Supp. 496, 499 (W.D. Pa. 1988) ("Applying the principles enunciated in <u>Pilot Life</u> to this case, we find that plaintiff's contract claims are preempted by ERISA under section 514(a)."); <u>Murphy v. Metropolitan Life Ins. Co.</u>, 2001 U.S. Dist. LEXIS 11607, *4 (E.D. Pa. 2001) (dismissing breach of contract claim pursuant to complete preemption doctrine); <u>Norris v. Continental Casualty Co.</u>, 2000 U.S. Dist. LEXIS 9163, *4 (E.D. Pa. 2000); <u>Buxton v. Consolidated Rail Corp.</u>, 1999 U.S. Dist. LEXIS 186, *22 (E.D. Pa. 1999); <u>Nice v. Independence Blue Cross</u>, 1997 U.S. Dist. LEXIS 7786, *5 (E.D. Pa. 1997); <u>Balush v. Independence Blue Cross</u>, 1996 U.S. Dist. LEXIS 18887, *5-6 (E.D. Pa. 1997). Accordingly, Counts I and V are preempted and must be dismissed.

**C.**     **ERISA Preempts Plaintiff's Claim Under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count II)**

In Count II, plaintiff alleges a cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"). Once again, it is well-settled that ERISA preempts such a claim. Numerous Pennsylvania federal court opinions, citing <u>Pilot Life</u>, have dismissed claims under the CPL pursuant to ERISA preemption. <u>See, e.g., Murphy v. Metropolitan Life Ins. Co.</u>, 2001 U.S. Dist. LEXIS 11607, *4 (E.D. Pa. 2001) (citing cases); <u>Norris v. Continental Casualty Co.</u>, 2000 U.S. Dist. LEXIS 9163, *4 (E.D. Pa. 2000); <u>Clancy v.</u>

4

Unum Life Ins. Co., 1996 U.S. Dist. LEXIS 14049, *6-7 (E.D. Pa. 1996).  Accordingly, Count II is preempted and must be dismissed.

**D.    ERISA Preempts Plaintiff's Fraudulent Misrepresentation Claim (Count III)**

In Count III plaintiff alleges a cause of action for fraudulent misrepresentation.  Once again, Pilot Life and its progeny have established that ERISA preempts such a claim.  See, e.g., Norris v. Continental Casualty Co., 2000 U.S. Dist. LEXIS 9163, *4 (E.D. Pa. 2000); Buxton v. Consolidated Rail Corp., 1999 U.S. Dist. LEXIS 186, *22-23 (E.D. Pa. 1999) (citing cases); Glasgow v. Ken J. Pezrow Corp., 1991 U.S. Dist. LEXIS 14643, *2 (E.D. Pa. 1991). Therefore, Count III is preempted and must be dismissed.

**E.    ERISA Preempts Plaintiff's Claim for Breach of the Duty of Good Faith and Fair Dealing (Count IV)**

Finally, the Pilot Life case law also establishes that ERISA preempts claims for breach of the duty of good faith and fair dealing (Count IV).  See, e.g., Garner v. Capital Blue Cross, 859 F. Supp. 145, 149 (M.D. Pa. 1994), affirmed 52 F.3d 314 (3d Cir. 1995) (Table); Balush v. Independence Blue Cross, 1996 U.S. Dist. LEXIS 18887, *6 (E.D. Pa. 1997) (citing Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989)); Clancy v. Unum Life Ins. Co., 1996 U.S. Dist. LEXIS 14049, *7 (E.D. Pa. 1996); Glasgow v. Ken J. Pezrow Corp., 1991 U.S. Dist. LEXIS 14643, *2 (E.D. Pa. 1991).  Therefore, Count IV is completely preempted under ERISA and must be dismissed.

IV.   **AS PLAINTIFF'S RICO PLEADINGS ARE DEFECTIVE AND HER FACTUAL ALLEGATIONS CANNOT SUSTAIN A RICO VIOLATION AS A MATTER OF LAW, THE RICO CLAIM SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND (COUNT VI)**

A.   **Introduction**

Fairly read, plaintiff's Amended Complaint takes issue with *one kind* of health insurance coverage decision by PBS regarding a *single* form of treatment (chiropractic) for *one* (1983) injury for *one* insured.   She disagrees with PBS' refusal to continue to reimburse her for chiropractic treatment under an employer-sponsored health insurance plan.   This has the ring of a coverage dispute, and, indeed her very first count (Count One) and two others (Counts Four and Five) rest on contract principles.   Plaintiff also dresses her disagreement with PBS's coverage decision as alleged fraud (Count Three) and an alleged violation of the state consumer protection law (Count Two).   On top of that, by her recent amendment to the Complaint, plaintiff now piles on a cause of action under the Racketeer Influenced and Corrupt Organizations (RICO) Act (Count Six).   18 U.S.C. § 1962.

As this Court has noted, Section 1964(c) of the RICO statute permits private plaintiffs to bring civil RICO actions, with the extraordinary remedies of treble damages and attorneys fees, if a violation of Section 1962 of the statute can be proved and if that violation causes injury to the "business or property" of the plaintiff.   Gueson v. Feldman, 2001 U.S. Dist. LEXIS 24210, *36-37 (E.D. Pa. 2001).   RICO is aimed at serious, sustained criminal conduct perpetrated in connection with an ongoing racketeering enterprise.   See 18 U.S.C. § 1961(1) (listing the crimes which define racketeering activity); United States v. Pelullo, 964 F.2d 193, 210 (3d Cir. 1992) (Congress is concerned with long term criminal conduct).   RICO ought not be pleaded cavalierly. See Menasco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir. 1989) (treble damages suit not to be brought for harassment or settlement value).   Even under the liberal notice pleading

requirements of the Federal Rules of Civil Procedure, RICO and RICO predicate acts of fraud must be pleaded with some minimum specificity and, as discussed in detail below, the facts alleged must plead conduct which constitutes a racketeering enterprise and a pattern of racketeering activity.  18 U.S.C. § 1961(4), (5).

Yet, plaintiff's Amended Complaint does not specify any racketeering enterprise, any predicate acts of racketeering, any pattern of racketeering activity, any particulars as to the alleged fraud, or any alleged RICO co-conspirator.  This is plainly insufficient.  Moreover, plaintiff cannot resuscitate her RICO claim.  As a matter of law, her alleged facts cannot constitute an enterprise or a pattern of racketeering.  See Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001) (enterprise); accord Hirsch v. Enright Refining Co., 751 F.2d 628, 633-34 (3d Cir. 1984) (same) and H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989) (pattern of racketeering); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir.), cert. denied, 501 U.S. 1222 (1991) (same); Marshall-Silver Construction Co., Inc. v. Mendel, 894 F.2d 593 (3d Cir. 1990) (same).  Count Six should be dismissed with prejudice.[1]

## B.    Standard of Review

On a motion to dismiss under Rule 12(b)(6), Bartlett is bound by, and the Court may consider, the facts, and attached exhibits, alleged in her Amended Complaint.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Pension Benefit Guar. Corp. v. White Consolidated Indus.,

---

[1]    A long line of Third Circuit jurisprudence supports the dismissal of defective RICO complaints.  See Wolk v. NTSB, 2002 U.S. App. LEXIS 16136 (3d Cir. 2002); Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000); Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998); Lightning Lube, Inc. v. Venuto, 4 F.3d 1153 (3d Cir. 1993); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir.), cert. denied, 501 U.S. 1222 (1991); Marshall-Silver Construction Co., Inc. v. Mendel, 894 F.2d 593 (3d Cir. 1990); McHale v. NuEnergy Group, 2002 U.S. Dist. LEXIS 3307 (E.D. Pa. 2002); Mehling v. New York Life Insurance Co., 163 F. Supp.2d 502 (E.D. Pa. 2001); Gueson v. Feldman, 2001 U.S. Dist. LEXIS 24210 (E.D. Pa. 2001); Allen Neurological Assoc., Inc. v. Lehigh Valley Health Network, 2001 U.S. Dist. LEXIS 284 (E.D. Pa. 2001); Spitzer v. Abdelhak, 1999 U.S. Dist. LEXIS 19110 (E.D. Pa. 1999).

998 F.2d 1192, 1196 (3d Cir. 1993). While the Court must take as true all well pleaded facts in the Amended Complaint and view them in the light most favorable to the plaintiff, Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000) (affirming dismissal of RICO complaint), plaintiff is obligated provide sufficient information to outline the elements of her RICO claim or at least permit inferences that these elements exist. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

In addition, where, as here, the RICO claim appears to rest solely on an allegation of fraud, plaintiff must plead "the circumstances constituting fraud…with particularity." Fed.R.Civ.P. 9(b); Allen Neurological Assoc., Inc. v. Lehigh Valley Health Network, 2001 U.S. Dist. LEXIS 284, *8-12 (E.D. Pa. 2001). More than unsupported conclusions, unwarranted inferences or bald assertions are needed to survive a motion to dismiss. Maio v. Aetna, Inc., supra, 221 F.3d at 485; Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). What is, in effect, only an alleged breach of contract, or only an alleged breach of fiduciary duty under ERISA, does not make out a fraudulent scheme under RICO. Mehling v. New York Life Insurance Co., 163 F. Supp.2d 502, 509 (E.D. Pa. 2001) (RICO complaint dismissed).

Thus, if plaintiff's RICO count does not provide sufficient information to outline her alleged RICO claim, or if no relief could be granted under any set of facts that could be proved consistent with Bartlett's allegations, it must be dismissed. Id; H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). Moreover, if on the facts and law it is not possible to cure a "fundamental problem" with a RICO count, it should be dismissed with prejudice without leave to amend. Maio v. Aetna, Inc., supra, 221 F.3d at 500 (affirming denial of leave to amend RICO complaint). Such is the case here.

C.    **Plaintiff's RICO Count Is Fatally Defective In A Variety Of Ways**

Plaintiff's only allegations of fact arguably relevant to the RICO count are as follows:

- Pennsylvania Blue Shield has determined that certain chiropractic treatments for her are no longer medically justified and will not subsidize them.  Amended Complaint ¶ 5.

- PBS had nurses and others, rather than doctors, review her medical records, and there is insufficient medical justification for denial of payment.  Amended Complaint ¶ 32.

- Bartlett was misled by PBS as to "the value, worthiness and reliability" of PBS' medical records reviews.  Amended Complaint ¶ 32.

- Bartlett was misled by PBS in believing that coverage would be provided for such treatment.  Amended Complaint ¶ 14.

- Bartlett relied on the "effectiveness, worthiness and timeliness" of her PBS health insurance policy and has suffered damages as a result of PBS' fraudulent misrepresentations.  Amended Complaint ¶19.

Beyond block quoting all four liability sections, 18 U.S.C. §§ 1962(a)-(d), of the RICO statute, Amended Complaint ¶ 33, plaintiff's sole averment in relation to RICO is that PBS, "either individually or in an effort to conspire, did by its unlawful conduct of a continuing scheme to defraud, attempted to and did in fact obtain money by the furtherance of this scheme to the detriment of" plaintiff.  Amended Complaint ¶ 34.  Plaintiff appears to seek damages only under 18 U.S.C. § 1962(c).  See Amended Complaint ¶ 35(C), (D).

1.    **Plaintiff's Section 1962(a) and Section 1962(b) Pleadings Are Devoid Of Essential Factual Allegations**

Plaintiff quotes from Sections 1962(a) and (b).  Amended Complaint ¶ 33.  However, she does not plead any facts supporting a cause of action under those sections of the RICO statute, or seek RICO treble damages under those sections.  See Amended Complaint ¶ 35(C), (D).  Sections 1962(a) and (b) of the RICO statute provide in relevant part that it is unlawful for any person:

(a)    …who has received any income derived, directly or indirectly, from a pattern of racketeering activity…to use or invest, directly or indirectly, any

part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(b)     …through a pattern of racketeering activity…to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. §§ 1962(a), (b).  For reasons particular to these subsections,[2] Third Circuit law requires dismissal of both claims.

A Section 1962(a) violation requires evidence proving that the defendant received proceeds from a pattern of racketeering activity, invested that money in the racketeering enterprise, and that the plaintiff was injured as a result of that investment.  Lightning Lube, Inc. v. Venuto, 4 F.3d 1153, 1188 (3d Cir. 1993).  Plaintiff pleads absolutely nothing about being injured by the investment of racketeering proceeds in an enterprise, the essence of a alleged Section 1962(a) violation.

Similarly, a Section 1962(b) violation requires evidence proving that the plaintiff was injured by the defendant's acquisition or control of an interest in a racketeering enterprise as a result of a pattern of racketeering.  Lightning Lube, Inc. v. Venuto, 4 F.3d 1153, 1190 (3d Cir. 1993).  Again, plaintiff pleads nothing about injury from the acquisition of an interest in or the control over an enterprise through a pattern of racketeering activity, the essence of an alleged Section 1962(b) violation.

In identical circumstances, dismissals of RICO complaints under these subsections have repeatedly been affirmed.  Lightning Lube, Inc. v. Venuto, 4 F.3d 1153, 1189, 1191 (3d Cir.

---

[2]   The words "enterprise" and "pattern of racketeering activity" are terms of art, defined in the RICO statute and amplified by the courts.  18 U.S.C. §§ 1961(4), (5).  As discussed below in PBS' argument regarding plaintiff's Section 1962(c) claim, plaintiff does not and, on the facts alleged, cannot adequately plead an enterprise or a pattern of racketeering activity.  For this independent reason, her Section 1962(a) and (b) claims should be dismissed.

1993); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir.), cert. denied, 501 U.S. 1222 (1991).   Plaintiff's Amended Complaint under these subsections should be dismissed with prejudice as nothing in her complaint goes, or could go, to these enterprise investment, acquisition and control issues.

> **2.     Plaintiff's Section 1962(c) Pleading Does Not, And Cannot, Adequately Plead The Enterprise and Pattern Of Racketeering Elements**

Section 1962(c) of the RICO statute provides in relevant part that it is unlawful for any person:  "…employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."  18 U.S.C. § 1962(c).

Proof of an alleged Section 1962(c) violation requires evidence that: (a) a person employed or associated by (b) an enterprise engaged in or affecting interstate commerce (c) conducts or participates in the conduct of the enterprise's affairs (d) through a pattern of racketeering activity.  Sedima v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).  Not only does a plaintiff have to establish that a defendant meets all of these requirements of Section 1962(c), but the plaintiff must properly allege that a defendant committed the elements of the predicate acts that form the basis of the alleged pattern of racketeering activity.  McHale v. NuEnergy Group, 2002 U.S. Dist. LEXIS 3307, *8-9 (E.D. Pa. 2002); Spitzer v. Abdelhak, 1999 U.S. Dist. LEXIS 19110, *7-8 (E.D. Pa. 1999).  As discussed below, plaintiff fails to plead sufficiently, or at all, *any* of these RICO or RICO predicate act elements.

### a.    Plaintiff Fails To Plead An Enterprise

The term racketeering enterprise "connotes generally the vehicle through which the unlawful pattern of racketeering activity is committed…" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994).  Proof of a racketeering enterprise requires evidence of, among other things, an ongoing organization with some framework for making and carrying out decisions.  United States v. Riccobene, 709 F.2d 214, 221-224 (3d Cir. 1983), cert. denied, 464 U.S. 849 (1983).  Plaintiff does not even name or otherwise specify a racketeering enterprise in her Amended Complaint.

In the context of plaintiff's factual allegations, this is not just a technical omission.  To establish liability under Section 1962(c), the RICO defendant and the RICO enterprise cannot be the same entity.  Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001) (citing, among others, Gasoline Sales, Inc. v. Aero Oil Corp. 39 F.3d 70, 72-73 (3d Cir. 1994)); accord Hirsch v. Enright Refining Co., 751 F.2d 628, 633-34 (3d Cir. 1984).  Thus the alleged racketeering enterprise in this case cannot be PBS.

Where a corporation has been pleaded as both the defendant and the racketeering enterprise, courts have not hesitated to dismiss the RICO complaint against the corporation. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir.), cert. denied, 501 U.S. 1222 (1991); McHale v. NuEnergy Group, 2002 U.S. Dist. LEXIS 3307, *14-15 (E.D. Pa. 2002). Having failed to plead any racketeering enterprise at all, plaintiff's Amended Complaint similarly should be dismissed.

### b.    Plaintiff Fails To Plead Predicate Acts Of Racketeering

To state a RICO claim, a plaintiff must also allege that a defendant engaged in a "pattern of racketeering activity." See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).  A

pattern of racketeering activity requires, as a minimum, proof of at least two acts of racketeering activity occurring within ten years of each other. 18 U.S.C. § 1961(5). A racketeering act, in the context of this case, is any act which is "indictable" under the federal criminal statutes set forth in 18 U.S.C. § 1961(1)(B). Consequently, only a violation of a listed statute constitutes a predicate act of racketeering under RICO**.** Mehling v. New York Life Insurance Co., 163 F. Supp.2d 502, 507 (E.D. Pa. 2001).

Plaintiff makes a passing reference to a "scheme to defraud." Amended Complaint ¶ 34. However, she nowhere pleads any specific Section 1961-listed statute as a predicate act of racketeering much less the scope, duration and nature of any alleged scheme to defraud. This is inadequate, as there is no general federal, criminal fraud statute.[3] Plaintiff separately refers to letters received from PBS dated April 24, 2000, and May 24, 2000, Amended Complaint ¶¶ 5-6 (Exhibits A and B), which, as she characterizes them, communicate PBS's decision to cease reimbursement for her chiropractic treatment. Id. However, plaintiff goes on to allege that after these two letters ("subsequently"), PBS "did pay for this treatment." Amended Complaint ¶ 5. Thus the nature of the alleged scheme is opaque, and no mailings are cited which appear to be in furtherance of any scheme.

This is particularly egregious, because where acts of fraud are posited as the alleged predicate racketeering acts, fraud must be plead "with particularity," in order to give notice and safeguard defendants against spurious charges of immoral or fraudulent behavior. Fed.R.Civ.P. 9(b); Warden v. McClelland, 288 F.3d 105, 114-15 (3d Cir. 2002); Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S.

---

[3]   The mail fraud statute prohibits a person from knowingly causing the use of the mails for the purpose of executing any scheme or artifice to defraud. 18 U.S.C. § 1341. The actual violation is the mailing. Periera v. United States, 347 U.S. 1, 8 (1954).

1211 (1985).  While allegations of time, place and date are not absolutely necessary to satisfy

Rule 9(b), the plaintiff must by some means inject precision and substantiation into allegations of

fraud.  McHale v. NuEnergy Group, 2002 U.S. Dist. LEXIS, *17 3307 (E.D. Pa. 2002) (RICO

complaint dismissed); Allen Neurological Assoc., Inc. v. Lehigh Valley Health Network, 2001

U.S. Dist. LEXIS 284, *8-12 (E.D. Pa. 2001) (same).

        This is not a case in which plaintiff has made numerous specific allegations of fraudulent

conduct and then described specific examples of how the defendant committed the conduct using

the mails.  Compare McHale v. NuEnergy Group, 2002 U.S. Dist. LEXIS, *10 3307 (E.D. Pa.

2002) with Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998).  As

in  Rolo  and  Allen Neurological,  plaintiff makes  no  allegations  about  the  specifics  of

representations to her or her reliance on such communications.  It remains unclear who allegedly

misrepresented what information, when and how.  Id. at 659.  Yet to connect her own alleged

injuries to the (unalleged) RICO enterprise, she must allege what happened to her, i.e., specify

the fraudulent tactics.  Id. at 659.  Plaintiff's faulty pleading makes it impossible to tell whether

there even exist viable predicate racketeering acts on which to assert a RICO claim.  On this

ground alone, her RICO count must be dismissed.  See Allen Neurological Assoc., Inc. v. Lehigh

Valley Health Network, supra  (RICO complaint dismissed).

### c.    Bartlett Cannot Make Out A Pattern Of Racketeering Activity As A Matter Of Law

        *One kind* of health insurance coverage decision by PBS regarding a *one* type of treatment

for *one* injury of *one* insured does not make out a RICO pattern of racketeering.  Congress

intended a "more stringent" requirement than proof simply of two predicate acts – there must be

proof of continuity of criminal activity, or its threat.  H.J., Inc. v. Northwestern Bell Tel. Co.,

492  U.S.  229,  237,  241  (1989).    This  pattern  requirement  acts  to  insure  that  RICO's

extraordinary remedies do not threaten the ordinary run of commercial transactions.  <u>Menasco, Inc. v. Wasserman</u>, 886 F.2d 681, 683 (4th Cir. 1989).

To prove a pattern of racketeering activity, plaintiff must show that the racketeering predicate acts are related and that they amount to or pose a threat of continued criminal activity. <u>H.J., Inc. v. Northwestern Bell Tel. Co.</u>, <u>supra</u>, 492 U.S. at 239.  In analyzing whether a pattern of racketeering activity has been adequately pleaded, the court may look to factors such as the number of unlawful acts, the duration of the acts, the number of victims, the number of perpetrators and the character of the activity.  <u>Bartichek v. Fidelity Union Bank</u>, 832 F.2d 36, 39 (3d Cir. 1987); <u>Tabas v. Tabas</u>, 47 F.3d 1280, 1296 n.21 (3d Cir. 1995) (after the <u>HJ</u> opinion, the <u>Bartichek</u> factors are still relevant analytical tools).

A showing of continued criminal activity or its threat, termed the "continuity" showing, can be made in one of two ways.  It can be shown by evidence of a "closed ended continuity," or a closed period of related predicate acts over a substantial time.  <u>Tabas v. Tabas</u>, 47 F.3d 1280, 1292-93 (3d Cir. 1995).  Alternatively, it can be shown by evidence of "open ended continuity," or past predicate acts which by their nature project into the future with a threat of repetition. <u>H.J., Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 237, 241 (1989).  Either way, plaintiff's RICO claim fails.

Plaintiff may seek to plead a pattern with close ended continuity by citing to PBS' decision to deny continued reimbursement and to two PBS letters dated one month apart.  This is insufficient as a matter of law.  The Third Circuit has found that closed ended continuity cannot be satisfied by pleading conduct that lasts no more than twelve months.  <u>Tabas v. Tabas</u>, 47 F.3d 1280, 1293 (3d Cir. 1995).  Moreover, considering the singular character of the alleged unlawful

act (a patient and treatment-specific coverage decision), the number of alleged victims (one), and the number of alleged perpetrators (one), a pattern of racketeering hardly emerges.

Under an open ended continuity analysis, plaintiff's RICO claim also fails.  Predicate acts threatening no future criminal conduct do not satisfy the requirement.  H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 237, 242 (1989);  United States v. Pelullo, 964 F.2d 193, 209 (1992).  Plaintiff's claims and exhibited letters focus on a treatment-specific determination of medical necessity for one patient.  Amended Complaint ¶¶5-6.

Allegations involving a single victim, a particular injury and a relatively short-lived "scheme" do not pose a threat of a series of injuries over a significant period of time.  Put another way, an allegation involving one victim whose alleged injury to property begins and ends with a coverage decision does not equate to the threat of continued criminal activity necessary for a pattern of racketeering activity.  See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1417-19 (3d Cir.), cert. denied, 501 U.S. 1222 (1991) (RICO complaint based on mail fraud dismissed; short-term attempt to force single entity into bankruptcy and no additional threat of continued criminal activity).

### 3. Plaintiff's Section 1962(d) Pleading Does Not, And Cannot, Adequately Plead A RICO Conspiracy

In her RICO count, plaintiff alleges an "effort to conspire."  Amended Complaint ¶ 34.  The RICO conspiracy statute provides that it is unlawful for any person: "…to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  18 U.S.C. § 1962(d).  In the first instance, plaintiff's RICO conspiracy claim is flawed, for, as established above,  she has no viable 1962(a), (b) or (c) claim to stand as the object of the RICO conspiracy.  In these circumstances, RICO conspiracy claims are dismissed.  Lightning Lube, Inc. v. Venuto, 4 F.3d 1153, 1190 (3d Cir. 1993) (RICO conspiracy count dismissed); Kehr

Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 n.1 (3d Cir.), cert. denied, 501 U.S. 1222 (1991) (same).

In addition, the relevant statutory phrase in § 1962(d) is "to conspire."  In order to state a claim of RICO conspiracy, a plaintiff must allege: (1) an agreement to commit or facilitate the underlying predicate acts of fraud; and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate Section 1962(a), (b), or (c).  Spitzer v. Abdelhak, 1999 U.S. Dist. LEXIS 19110, *27 (E.D. Pa. 1999); United States v. Boffa, 688 F.2d 919, 937 (3d Cir. 1982) (individual, by words or actions, must objectively manifest an agreement to participate, directly or indirectly, in the affairs of an enterprise through the commission of two or more predicate crimes).

The hallmark of any conspiracy, RICO included, is an agreement involving more than one culpable actor, i.e., a co-conspirator.  Salinas v. United States, 522 U.S. 52, 63-65 (1997) (RICO); see generally Pinkerton v. United States, 328 U.S. 640, 646 (1946).  A plaintiff must also set forth the period and objective of the conspiracy.  See Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).  Here, plaintiff completely fails to plead *any* co-conspirators or the time, scope and duration of any alleged conspiracy.  On this ground too, her pleading is fatally deficient.

### D.     Conclusion: Plaintiff's RICO Count Should Be Dismissed Without Leave To Amend

Plaintiff's inability to plead viable racketeering predicates, an enterprise distinct from the defendant, and pattern of racketeering under the continuity jurisprudence of the Supreme Court

17

renders her RICO count fatally defective as a matter of law.[4]  Where it is not possible to cure a "fundamental problem," given the facts and the law, a complaint should be dismissed with prejudice without leave to amend.  Maio v. Aetna, Inc., 221 F.3d 472, 500 (3d Cir. 2000) (affirming denial of leave to amend RICO complaint).  Such is the case here.  Plaintiff's allegations cannot justify the burden, intrusion and complexity that a RICO charge brings to the parties and, ultimately, to the Court.  Amendment would be futile.  Count Six should be dismissed with prejudice.

## V.    CONCLUSION

Accordingly, pursuant to the authority discussed above, defendant PBS respectfully requests that the Court enter an order in the form proposed.

**DATE: _____**

                                        **POST & SHELL, P.C.**


                                        **BY:_____**
                                             **RICHARD L. MCMONIGLE, ESQUIRE**


                                        **BY:_____**
                                             **RONALD H. LEVINE, ESQUIRE**


                                        **BY:_____**
                                             **STEVEN SCHILDT, ESQUIRE**
                                             **ATTORNEYS FOR DEFENDANT**
                                             1800 JFK Boulevard, 19th Floor
                                             Philadelphia, PA  19103
                                             (215) 587-1000

---

[4]    On equitable grounds, it is worth noting that plaintiff has had two attempts at pleading the underlying fraud in her complaint; all relevant facts could and should have been pleaded earlier; and this is not a case involving an inadvertently omitted claim or one which the plaintiff did not know about.  See Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998) (affirming denial of leave to amend RICO complaint); see Gasoline Sales, Inc. v. Aero Oil Corp., 39 F.3d 70, 74 (3d Cir. 1994) (same).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of defendant's Motion to Dismiss and supporting Brief were sent via first class mail to the following individual on

_____:

                  Stanley J. Brassington, Esq.
                  120 East Main Street
                  Schuylkill Haven, PA 17972

                            **POST & SHELL, P.C.**

                    **BY:**_____
                            **RICHARD L. MCMONIGLE, ESQUIRE**
                            **ATTORNEY FOR DEFENDANT**