IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| **ROSETTA BARTLETT** | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | NO. 02-CV-4591 |
| v. | : | |
| | : | HON. R. BARCLAY SURRICK |
| **PENNSYLVANIA BLUE SHIELD** | : | |
| **Defendant** | : | |

### DEFENDANT'S REPLY TO PLAINTIFF'S
### RESPONSE TO MOTION TO DISMISS

The defendant, Pennsylvania Blue Shield (PBS), stands on its original brief in support of its motion to dismiss plaintiff's state law claims found at Counts One through Five of plaintiff's amended federal complaint.  PBS respectfully offers this reply brief in support of its motion to dismiss plaintiff's RICO claim found at Count Six.

**I.      PLAINTIFF'S RICO COUNT CANNOT STAND**

Plaintiff's response to PBS' motion to dismiss the RICO count of her amended federal complaint fails to meet the legal deficiencies of that pleading.  She: (1) concedes that she is "seeking a clarification of her rights under the contract," Plaintiff's Response at ¶ 3; (2) states that "[s]he did eventually obtain payment...for the treatments which were at issue," Plaintiff's Memorandum at 1; but (3) asserts without legal citation that she has a "right to bring the RICO count because she is protected under it from acts or inactions of companies which receive financial benefit as a direct result of unlawful conduct."  Plaintiff's Memorandum at 2.

The RICO statute has never been construed that broadly; its pleading requirements are more exacting than that.  To take just two examples, plaintiff's responses to the RICO pattern of racketeering issue and to the RICO enterprise issue are insufficient as a matter of law.

As regards the fraud and pattern of racketeering, plaintiff now states that she was induced to contract with PBS by its claim of having a "primary commitment to quality healthcare." Plaintiff's Memorandum at 3.  For the reasons detailed in PBS' brief supporting its motion, plaintiff cannot weave a pattern of racketeering out of such a bare, general assertion. It does not and cannot meet the Rule 9(b) specificity requirement for allegations of fraud.  It does not and cannot meet the RICO requirement of citing to two or more statutory criminal acts under Section 1961.  It does not and cannot meet the RICO requirement of linking these statutory criminal acts in a pattern which demonstrates continuity of criminal activity, or its threat.  On this ground alone, plaintiff's RICO count should be dismissed.  See McHale v. NuEnergy Group, 2002 Lexis 3307, C.A. No. 01-4111 at 17 (E.D.Pa. Feb. 27, 2002) (RICO complaint dismissed); Allen Neurological Assoc., Inc. v. Lehigh Valley Health Network, 2001 Lexis 284, C.A. No. 99-4653 at 8-12 (E.D.Pa. Jan. 18, 2001) (same).

Similarly, while it is correct that legitimate business entities may constitute a RICO enterprise, plaintiff cannot not plead the entity as both the defendant and the enterprise.  Her fleeting reference to "various physicians associated with [PBS]," Plaintiff's Memorandum at 6, cannot cure the problem, for it is irrelevant given her claim.  Plaintiff's grievance focuses on the alleged review of her claim by "non-doctors," Plaintiff's Memorandum at 1, not various, unspecified physicians.  For this reason too, the RICO count fails.  See Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001); accord Hirsch v. Enright Refining Co., 751 F.2d 628, 633-34 (3d Cir. 1984); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d

Cir. 1991); <u>McHale v. NuEnergy Group</u>, 2002 Lexis 3307, C.A. No. 01-4111 at 14-15 (E.D.Pa. Feb. 27, 2002).

## II.    CONCLUSION

Where, on the facts and the law, it is not possible to cure a "fundamental problem," a complaint should be dismissed with prejudice and without leave to amend.  <u>Maio v. Aetna, Inc</u>., 221 F.3d 472, 500 (3d Cir. 2000) (affirming denial of leave to amend RICO complaint).  That is the case here.  Count Six should be dismissed with prejudice and without leave to amend.


**DATE:** _____

                                   **POST & SHELL, P.C.**


                                   **BY:**_____

                                   **RICHARD L. MCMONIGLE, ESQUIRE**
                                   **RONALD H. LEVINE, ESQUIRE**
                                   **STEVEN SCHILDT, ESQUIRE**
                                   **ATTORNEYS FOR DEFENDANT**
                                   1800 JFK Boulevard, 19th Floor
                                   Philadelphia, PA  19103
                                   (215) 587-1000

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Defendant's Reply to Plaintiff's Response to

Motion to Dismiss was sent via first class mail, postage pre-paid, addressed as follows:

Stanley J. Brassington, Esquire
120 East Main Street
Schuylkill Haven, PA 17972

**POST & SHELL, P.C.**

**BY:**_____

**RONALD H. LEVINE, ESQUIRE**
**ATTORNEY FOR DEFENDANT**

Dated: September 27, 2002