UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSETTA BARTLETT, | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BLUE SHIELD, | : | |
|     Defendant | : | No. 02- 4591 |

MEMORANDUM & ORDER

**SURRICK, J.**                                                                                                    March 31, 2003

      Presently before the Court is Plaintiff Rosetta Bartlett's ("Plaintiff") Petition for Remand (Docket No. 3) and Defendant Pennsylvania Blue Shield's ("Defendant") Motion to Dismiss Plaintiff's Amended Federal Complaint (Docket No. 9). For the following reasons, Plaintiff's Petition for Remand will be denied and Defendant's Motion to Dismiss will be granted.

**I.  PROCEDURAL POSTURE & FACTUAL BACKGROUND**[1]

      In November of 1999, Plaintiff began receiving treatment from chiropractor Dr. Phillip Goedecke, D.C., for injuries that she had sustained in a 1983 bicycle accident. (Pl. Amend. Compl. ¶¶ 4-5). At that time, Plaintiff had a health insurance policy with Defendant through her employer Dana. Id. ¶¶ 8-9. From November 1, 1999 through December 31, 1999, Defendant covered these chiropractic treatments pursuant to Plaintiff's plan, considering them medically necessary. Id. ¶ 5. After its December 31, 1999 payment, Defendant terminated its coverage of Plaintiff's chiropractic treatments, refusing to pay a bill on or about March 29, 2000. Id. On April 24, 2000, Defendant explained that it had stopped paying for the treatment because "the

---

[1] Because this is a motion to dismiss, we have presented the facts as they are alleged by Plaintiff.

patient has received an excessive amount of care with no effectiveness in resolving the condition or even showing any significant improvement." Id.  At some point after Plaintiff hired an attorney, Defendant paid for Plaintiff's chiropractic treatments. Id.  However, Plaintiff alleges that she remains apprehensive about receiving future treatments because she fears that Defendant will not cover them. Id. ¶ 6.

Plaintiff initially filed suit in the Berks County Court of Common Pleas alleging five state law claims: Breach of Contract, Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Fraudulent Misrepresentation, Breach of Duty of Good Faith and Fair Dealing, and a Third Party Beneficiary claim for Breach of Contract. (Complaint, Def. Pet. Removal, Docket No. 1, Exhibit "A").  Defendant removed the case to this Court on July 10, 2002 on the grounds that Plaintiff's claim arises out of a claim for benefits under an employee benefits plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[2] Id. ¶ 2.  In response, Plaintiff filed the instant Petition for Remand, acknowledging that her claim was governed by ERISA, but explaining that the case was better suited for state court and that removal was not necessary. (Pl. Pet. for Remand, Docket No. 3).

Plaintiff also filed an Amended Federal Complaint (Docket No. 4) on July 22, 2002. Plaintiff's Amended Federal Complaint alleges the previous five state law claims as well as a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), but does not specifically seek relief pursuant to the ERISA statute.  Defendant then filed the instant Motion to Dismiss (Docket No. 9) alleging that Plaintiff's state law claims are preempted by ERISA and

---

[2]Specifically, Defendant explains that Plaintiff has alleged that would support an ERISA claim under 29 U.S.C. § 1132(a)(1)(B), which permits an insured to seek clarification of her rights to future benefits under the plan.

that Plaintiff has failed to state a claim under the RICO statute. Defendant suggests that we dismiss the Complaint without prejudice with leave for Plaintiff to file an amended complaint pursuant to 29 U.S.C. § 1132(a)(1)(B).

## II.   DISCUSSION

###      A.   Petition to Remand

Plaintiff argues that this Court should remand her case to state court because the state court claims predominate and because state courts have concurrent jurisdiction over ERISA claims under 29 U.S.C. § 1132(e). We disagree. It is well established that concurrent jurisdiction is not a basis for remand after a proper removal to federal court. See Chilton v. Savannah Food & Industries, Inc., 814 F.2d 620, 623 (11th Cir. 1987) (concurrent jurisdiction does not foreclose removal of ERISA actions, explaining that to do so would require equating "original" jurisdiction with "exclusive" jurisdiction and would prevent removal in any situation, making section 1441(a) meaningless); See also Wurtenberger v. Liberty Life Assurance Co. of Boston, Civ. A. No. 91-3220, 1991 WL 243784, * 2 (E.D. Pa. Nov. 13, 1991) (denying plaintiff's motion for remand because defendant's removal was proper and the existence of concurrent jurisdiction does not compel remand); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants"). Defendant's removal was proper,[3] and Plaintiff has no basis for remand.

---

[3] While Plaintiff does not dispute Defendant's ability to remove the case, we note that Defendant was able to remove the case even though Plaintiff did not expressly state an ERISA claim. This is because Defendant raised a defense pursuant to ERISA and because that ERISA defense will preempt of the state law claims. See Joyce v. R.J.R. Nabisco Holdings Corp., 126 F.3d 166, 171 (3d Cir. 1997) (If complete preemption applies, the district court has removal

Therefore, we will deny Plaintiff's Petition for Remand.

### B. Motion to Dismiss

#### i. Legal Standard

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6),[4] the Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) ... is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir.1988)); See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). For this reason, district courts strongly disfavor Rule 12(b)(6) motions. Melo-Sonics Corp. v. Cropp, 342 F.2d. 856 (3d Cir. 1965); Kuromiya v. U.S., 37 F.Supp.2d 717, 722 (E.D.Pa. 1999). A court will only dismiss a complaint if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" H.J. Inc., 492 U.S. at 249-50 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Nietzke v. Williams, 490 U.S. 319, 326-327 (1984).

---

jurisdiction, even if the well pleaded complaint rule is not satisfied); See also Hospital of the University of Pennsylvania v. Bryant, Civ. A. No. 01-4853, 2002 WL 257852, *1 n.1 (E.D. Pa. Feb. 22, 2002); See also LaMonica v. The Guardian Life Ins. Co. of America, Civ. A. No. 96-6020, 1997 WL 80991, (D.N.J. Feb. 20, 1997) ("By operation of the complete preemption doctrine, raising ERISA as a defense confers federal jurisdiction and removal is appropriate.").

[4]Rule 12(b)(6) provides that:
> Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted....

Fed.R.Civ.P. 12(b)(6).

### ii. Preemption of State Claims

Defendant alleges that Plaintiff's five state law claims are preempted by ERISA, and therefore, must be dismissed. We agree. ERISA's preemption clause explains that ERISA supercedes "all State laws insofar as they may now or hereafter relate to any employee benefit plan," except for those State laws that specifically "regulate insurance." 29 U.S.C. § 1144(a) and § 1144(b)(2)(A). The Supreme Court has interpreted ERISA's preemption doctrine broadly and has specifically applied that doctrine to preempt a state law bad faith breach of contract claim, even when the plaintiff had not specifically plead an ERISA claim. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987). Furthermore, courts in our district have consistently held that the specific state claims asserted by Plaintiff are preempted by ERISA. See Miller v. Aetna Health Care, Civ. A. No. 01-2443, 2001 WL 1609681, *1 (E.D. Pa. Dec. 12, 2001) (preempting claims for breach of contract, fraudulent misrepresentation and violations of the UTPCPL and Pennsylvania's bad faith statute because they alleged that benefits were due under a employee benefits contract that was covered by ERISA); See also Clancy v. Insurance Co. of America, Civ. A. No. 96-1053, 1996 WL 543939 (E.D. Pa. Sept. 24, 1996) (preempting Pennsylvania state law claims under the UTPCPL, the bad faith statute, and common law breach of duty of good faith and fair dealing because those claims "related to" an employee benefit plan and because Pennsylvania's UTPCPL and bad faith statute do not "regulate insurance"). Plaintiff's state law claims make allegations that "relate to" her benefits under her employee benefit plan, and, therefore, are preempted by ERISA. We will dismiss Plaintiff's state law claims.

### iii. RICO Claim

5

In her Amended Federal Complaint, Plaintiff alleged that Defendant violated the RICO Act. Plaintiff's specific allegation is that Defendant did not have medical doctors review the medical records and reports in her matters and did not have a medical basis for denying her benefits. Plaintiff alleges that this conduct was a continuing scheme to defraud Plaintiff and that Defendant mislead Plaintiff as to the value, worthiness and reliability of the medical reviews that were done by nurses.

Plaintiff's allegations are insufficient to plead a RICO claim. It appears from Plaintiff's factual allegations that Defendants paid Plaintiff's benefits. Therefore, Plaintiff has no injury to business or property sufficient to confer standing. See Maio v. Aetna, Inc., 221 F.3d 472, 483-84 (3d Cir. 2000) (RICO allegations of injury to business or property under § 1964(c) requires allegations of a concrete financial loss, i.e. an out-of-pocket expense incurred as a result of defendant's conduct).[5] Because the facts alleged in the complaint do not confer standing for a RICO claim, we will dismiss this claim.

An appropriate order follows.

---

[5] Plaintiff's RICO claim is replete with other errors, including the fact that it does not plead a predicate act of racketeering or a pattern of racketeering activity. It appears from Plaintiff's statements about Defendant's "scheme to defraud" that Plaintiff has attempted to allege common law fraud as her predicate act; however, common law fraud does not constitute a predicate act under RICO. See Fleet Credit Corp. v. Sion, 893 F.2d 441, 445 (1st Cir. 1990) ("acts of common law fraud that do not implicate the mails (or the wires) do not constitute 'racketeering activity' under the definition found in the RICO statute"). Even if Plaintiff had properly alleged the use of the mails in this scheme to defraud, Plaintiff has failed to allege the fraud itself with the requisite particularity pursuant to Fed. R. Civ. P. Rule 9(b) because Plaintiff has not alleged that Defendant made any representations that it would use medical doctors to review its claims. In addition, Plaintiff would have needed to plead at least two acts of such fraud in order to constitute a pattern of racketeering activity under RICO. See Kehr Packages, Inc. v. Fedelcor, Inc., 926 F.2d 1406, 1411-12 (3d Cir. 1991) (requiring at least two predicate acts that are related and amount to or pose a threat of continued criminal activity in order to constitute a "pattern of racketeering activity" under RICO).

Case 2:02-cv-04591-RBS     Document 14     Filed 03/31/2003     Page 7 of 8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSETTA BARTLETT, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BLUE SHIELD, | : | |
| Defendant | : | No. 02- 4591 |

**ORDER**

AND NOW, this 31st day of March, 2003 upon consideration of Plaintiff Rosetta Bartlett's Petition to Remand (Docket No. 3) and Defendant Pennsylvania Blue Shield's Motion to Dismiss (Docket No. 9) and all papers filed in support thereof and in opposition thereto, it is ORDERED as follows:

1. Plaintiff's Petition to Remand is DENIED;

2. Defendant's Motion to Dismiss is GRANTED, without prejudice.

3. Plaintiff is granted leave to file an amended complaint that alleges an ERISA violation within twenty (20) days of the date of this order.

BY THE COURT

R. Barclay Surrick, Judge